STATE OF HAWAIX Plaintiff-Appellee,
v.
JESSICA NADINO, Defendant-Appellant.
No. 29254
Intermediate Court of Appeals of Hawaii.
July 21, 2009.
On the briefs:
Donovan Odo Deputy Public Defender for Defendant-Appellant.
Brian R. Vincent Deputy Prosecuting Attorney for Plaintiff-Appellee.
SUMMARY DISPOSITION ORDER
(By: Nakamura, Presiding Judge, Fujise and Leonard, JJ.)
Defendant-Appellant Jessica L. Nading (Nading) appeals from the Judgment of Conviction and Sentence for the offense of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2007), entered on June 13, 2008, by the Family Court of the First Circuit (Family Court).[1]
Plaintiff-Appellee State of Hawai'i (State) alleged in its complaint that, on February 2, 2008, Nading struck her then-husband Ronald Nading, Jr. (Husband) in an offensive manner with intent to harass, annoy, or alarm, thereby committing the offense of Harassment, in violation of HRS § 711-1106(1) (a).[2]
On appeal, Nading argues that the Family Court erred in disqualifying the parties' nine-year-old daughter (Daughter) as a competent witness, thereby violating Nading's right to compulsory process under the United States and Hawai'i Constitutions, and that the Family Court erred in allowing the admission of photographs not disclosed to the defense before the trial.
Upon a thorough review of the record and the briefs submitted by the parties, and having duly considered the issues and arguments raised on appeal, as well as the constitutional, statutory, and case law relevant thereto, we resolve Nading's contentions as follows.
(1) Under Hawai'i Rules of Evidence (HRE) Rule 601, every witness is deemed to be competent unless disqualified. Witness disqualification is governed by HRE Rule 603.1, which provides in relevant part, "[a] person is disqualified to be a witness if the person is (1) incapable of expressing oneself so as to be understood, either directly or through interpretation by one who can understand the person, or (2) incapable of understanding the duty of a witness to tell the truth." Here, Daughter directly expressed that she knew the difference between telling a lie and telling the truth, and that she understood what a promise was and that it was wrong to lie. The Family Court's stated reason for excluding Daughter's testimony was unrelated to her competence as a witness. The State concedes that Daughter's transcribed statements "appear to satisfy the competency requirements of HRE Rule 6 03.1."
On the record in this case, however, any error in excluding Daughter's testimony was harmless beyond a reasonable doubt. Nading testified that she did not punch Husband with a closed fist, rather she "just kind of, like, tapped him in the head [.] " Nading admitted that she intentionally touched husband, that it was not a loving touch, and that, when she did it, she was thinking "don't say stupid things." Assuming that Daughter would have corroborated Nading's testimony, Daughter's testimony would not have negated Nading's admissions, which were sufficient to support a conviction of Harassment, even without Husband's testimony that he was punched in the face, not tapped on the head.
(2) The State had no duty to disclose the photographs pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 16, which provides in relevant part (emphasis added):
Rule 16. Discovery.
(a) Applicability. Subject to subsection (d) of this rule, discovery under this rule may be obtained in and is limited to cases in which the defendant is charged with a felony, and may commence upon the filing in circuit court of an indictment, an information, or a complaint.
(b) Disclosure by the prosecution,

(1) Disclosure of Matters Within Prosecution's Possession. The prosecutor shall disclose to the defendant or the defendant's attorney the following material and information within the prosecutor's possession or control:
. . . .
(d) Discretionary Disclosure. Upon a showing of materiality and if the request is reasonable, the court in its discretion may require disclosure as provided for in this Rule 16 in cases other than those in which the defendant is charged with a felony, but not in cases involving violations.
Under HRPP Rule 16, disclosure by the prosecution is mandatory only in cases in which the defendant is charged with a felony. Nading was charged with and convicted of a petty misdemeanor. Therefore, her argument that the Family Court erred when it admitted photographs not disclosed pursuant to HRPP Rule 16 is meritless.
For these reasons, the Family Court's June 13, 2008 Judgment of Conviction and Sentence is affirmed.
NOTES
[1] The Honorable Wilson M. Loo presided.
[2] HRS § 711-1106 provides, in relevant part:

§ 711-1106 Harassment. (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm another person, that person:
(a) Strikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact;
. . . .
(2) Harassment is a petty misdemeanor.